UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICK A. CARLONE, | Civil No. 14-579 (SRN/JSM) |
| Plaintiff, | |
| v. | **ORDER and**<br>**REPORT AND RECOMMENDATION** |
| HEAT AND FROST INSULATORS AND<br>ALLIED WORKERS LOCAL 34, | |
| Defendant. | |

Plaintiff commenced this action by filing a self-styled civil complaint seeking relief against the above-named Defendant. (Docket No. 1.) He did not pay any filing fee for this case, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. The matter has been assigned to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I.    BACKGROUND

The Court previously reviewed Plaintiff's complaint, and found that he is attempting to sue a union that he has to attempted to sue in numerous prior state and federal lawsuits.[1] One of those prior cases, Carlone v. Asbestos Workers Local 34, Civil No. 13-783 (SRN/JSM), [hereafter "No. 13-783"], was still pending when Plaintiff commenced his present lawsuit. The Court anticipated that No. 13-783 would soon be fully resolved, and

---

[1]  In the previous actions, the union has commonly been identified as "Asbestos Workers Local 34." However, the Defendant named in Plaintiff's current complaint, "Heat and Frost Insulators and Allied Workers Local 34," is clearly the same union that Plaintiff has sued in the past.

that the resolution of that case could effectively control the outcome of this case. Therefore, the Court ordered that all further proceedings in the instant action be stayed pending the resolution of No. 13-783.  (Order dated March 14, 2014, [Docket No. 4].)

On April 9, 2014, the Court filed a Report and Recommendation in No. 13-783, which is identified on the docket sheet in that case as Docket No. 64, (hereafter "prior R&R").  The prior R&R recommended that No. 13-783 be dismissed with prejudice, and that "Plaintiff be precluded from filing any new lawsuits, complaints, or charges of any kind against defendants, their officers or agents (including against defendants' attorneys arising out of their past, present or future representation of defendants) in any court, agency, or self-regulatory organization, whether judicial, quasi-judicial, administrative, federal, state or local, without first seeking permission to file the matter from the court, agency or organization in which he seeks to commence the dispute."  (prior R&R, pp. 24-25.)  The Court found that Plaintiff should be barred from asserting any further claims against Defendant without judicial pre-authorization, because of Plaintiff's "obsession" with bringing baseless claims against Defendant, as well as its officers and attorneys.

The prior R&R was adopted and No. 13-783 was dismissed with prejudice on April 24, 2014.  Therefore, the Court now finds that the stay order previously entered in this case should be lifted at this time, and that Plaintiff's current complaint and IFP application should be reviewed in light of the prior R&R.

As the Court has already intimated above, Plaintiff has been actively litigating against Defendant for many years.  Much of the history of that litigation is described in the prior R&R, (at pp. 1-7), and will not be repeated here.  Suffice it to say that Plaintiff has brought numerous claims against Defendant (and its affiliates), in several different judicial and administrative forums, based on a wide variety of legal theories.  The gist of Plaintiff's

claims in all of these proceedings has been essentially same – namely, that Defendant has deprived him of his opportunity to make a living by engaging in a host of allegedly illegal misconduct.

In the present case, Plaintiff is once again attempting to sue Defendant, this time for claims that are vaguely identified as "Black List, Conspiracy, Trade Infringements, Discrimination, Fraud, Terroristic Threats, and Malicious Prosecution."[2]  As in the past, Plaintiff has not described a set of specific <u>facts</u> to support any of the claims listed in his current complaint.   Instead, his complaint consists of nothing more than vague and conclusory assertions.  He alleges, for example, that –

> Plaintiff "is the victim of both a union Black List and Age Discrimination that started in 2005 was proven in 2009 and is continuing to this present date;" (Complaint, p. 2, ¶ 1);

> "Local 34's apprenticeship school was designed in 1975 to keep people of color, women, and others from becoming union members;"[3] (<u>id</u>., p. 2, ¶ 4);

> "Officers of Local 34 'Board of Trustees' committed fraud by not doing the job they are paid to do in policing the health and welfare benefits that should have been paid into plaintiff's pension fund;" (<u>id</u>., p. 3, ¶ 7).

Plaintiff's entire complaint consists of similar broad accusations, which are not tethered to any specific historical events.

It is evident to the Court that Plaintiff's current lawsuit is just the latest manifestation of his ongoing vendetta against Defendant, a vendetta that apparently arises from a myriad of perceived – but still unsubstantiated – transgressions.

---

[2]  It is a telling irony that Plaintiff is attempting to sue Defendant for malicious prosecution, when Plaintiff's litigation history plainly demonstrates that he has been prosecuting vacuous claims against Defendant for the past several years – not the other way around.

[3]  Plaintiff has not alleged that he is a minority or a woman, nor has he alleged that he was barred from joining the union based on anything that was "designed in 1975."

## II.    DISCUSSION

The United States Supreme Court has explained that:

> "The federal in forma pauperis statute, enacted in 1892 and presently codified at 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts.... [Citation omitted.]  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit.  Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.  To prevent such abusive or captious litigation, § 1915(d) [now § 1915(e)] authorizes federal courts to dismiss a claim filed in forma pauperis 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'  Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."

Neitzke v. Williams, 490 U.S. 319, 324 (1989).

Thus, an IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is found to be "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke, 490 U.S. at 325.  See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  A complaint is malicious, and therefore subject to summary dismissal pursuant to § 1915(e)(2)(B)(i), "if it is filed in bad faith to harass the named defendants, or if it presents abusive or repetitive claims."  Neng Por Yang v. City of Shakopee, Civil No. 09-3216 (PAM/JJK), (D.Minn. 2009), (Magnuson, J., adopting Report and Recommendation of Keyes, M.J.), 2009 WL 5217017 at *4, citing Carter v. Schafer, 273 Fed.Appx. 581, 582 (8th Cir.2008) (unpublished opinion).

Here, the Court finds that Plaintiff's IFP application must be denied, and this action must be dismissed, pursuant to § 1915(e)(2)(B)(i), because Plaintiff's current lawsuit is both frivolous and malicious.

This action is frivolous, because Plaintiff has not shown any arguable basis in law or in fact for commencing yet another lawsuit against his former union.  Plaintiff has already sued Defendant on several occasions in both state and federal court, and he has had ample opportunities to present a set of specific historical facts that could support a claim against Defendant based on some cognizable legal theory.  His last prior case, No. 13-783, was dismissed because he failed allege sufficient facts to support a cause of action on which relief could be granted, and his current complaint suffers from the same fatal defect.

This action also is malicious, because it clearly appears that Plaintiff's primary objective in bringing this action is to further harass the named Defendant.  Defendant has already successfully defended itself against Plaintiff's abusive litigation tactics in No. 13-783 (and elsewhere), and Plaintiff is now trying to force Defendant to defend itself once again.  Indeed, Plaintiff's current lawsuit is exactly the type action that Plaintiff was enjoined from initiating by the final order entered in No. 13-783.[4]

Pro se litigants do, of course, have a right of access to the courts.  That right, however, does not ensure an unrestricted opportunity to file frivolous, malicious or abusive lawsuits.  See In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) ("there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious'"), (quoting Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.), cert. denied, 450 U.S. 985 (1981)).

---

[4]  The final dismissal order in No. 13-783 included the following mandate: "Plaintiff is precluded from filing any new lawsuits, complaints, or charges of any kind against defendants, their officers or agents (including against defendants' attorneys arising out of their past, present or future representation of defendants) in the District of Minnesota unless he is represented by counsel and obtains prior written approval from the Chief Judge of the District of Minnesota."  If this decree had been entered before Plaintiff filed his current complaint, this action would have been barred ab initio.

"Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." Tyler, 839 F.2d at 1292. "Excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources." Id. When a plaintiff attempts to initiate such litigation by filing an IFP application, his complaint is properly dismissible pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Neitzke, supra.

Once again, the Court finds that Plaintiff has had more than adequate opportunities to seek legal recourse against Defendant. His present complaint only bolsters the Court's previous determination that Plaintiff simply cannot state any actionable claim for relief against Defendant. This complaint also bolsters the Court's previous determination that Plaintiff is obsessed with the notion of harassing Defendant by means of endless litigation. Thus, the Court concludes Plaintiff's present complaint is a malicious and frivolous pleading for purposes of 28 U.S.C. § 1915(e)(2)(B)(i). The Court therefore recommends that Plaintiff's pending IFP application be denied, and that this action be dismissed, pursuant to that statute.

## III.   ORDER AND RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that the stay imposed by this Court's previous order dated March 14, 2014, (Docket No. 4), is now lifted; and

**IT IS HEREBY RECOMMENDED** that:

1.      Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2.    This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated:       June 2, 2014

                              *s/ Janie S. Mayeron*
                              JANIE S. MAYERON
                              United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 16, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.