## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrick A. Carlone, | Civil No. 14-579 (SRN/JSM) |
| Plaintiff-Appellant, | |
| v. | **ORDER** |
| Heat and Frost Insulators and Allied Workers Local 34, | |
| Defendants-Appellees. | |

This matter is before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 11.) Plaintiff is seeking appellate review of a Report and Recommendation to dismiss the action and to Deny his Application to Proceed in District Court without Prepayment of Fees or Costs. (Docket No. 9.)

A litigant who seeks to be excused from paying the $500 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee and costs for his or her appeal. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3). See also Fed. R. App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be presented on appeal are factually or legally frivolous. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Plaintiff's IFP application indicates that he is not currently employed, and that

his only income is a retirement benefit of $840 per month, and another public assistance benefit of

$330 per month.  The IFP application also indicates that Plaintiff has few assets – two vehicles with

estimated values of $1,000 and $1,500 – that could be used to pay the filing fee and costs for his

appeal.  Based on the representations made in Plaintiff's IFP application, the Court finds that he is

financially eligible for IFP status on appeal.

Although the Court remains fully satisfied that this action was properly dismissed, Plaintiff's

appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court for IFP

purposes.  Therefore, Plaintiff's current IFP application will not be denied for lack of good faith.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 11), is

GRANTED.


Dated: June 20 , 2014

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District udge