UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrick A. Carlone,<br><br>Plaintiff,<br><br>v.<br><br>Heat and Frost Insulators and<br>Allied Workers Local 34,<br><br>Defendant. | Case No. 14-CV-579 (SRN/JSM)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Patrick A. Carlone, 377 Toronto Street, St. Paul, MN 55102, pro se Plaintiff.

Brendan D. Cummins, Cummins & Cummins, PLLP, 1245 International Centre, 920 Second Avenue South, Minneapolis, MN 55402, on behalf of Defendant.

SUSAN RICHARD NELSON, United States District Judge

Before the undersigned United States District Court Judge are Plaintiff Patrick A. Carlone's Objections [Doc. No. 10] to the June 2, 2014 Order and Report and Recommendation ("Order/R & R") issued by Magistrate Judge Janie S. Mayeron [Doc. No. 9]. For the reasons set forth below, Plaintiff's Objections are overruled, and the Court adopts the Order/R & R in its entirety.

**I.   BACKGROUND**

Plaintiff filed this lawsuit on March 3, 2014, alleging "Black List, Conspiracy, Trade Infringements, Discrimination, Fraud, Terroristic Threats, and Malicious Prosecution" against Defendant Heat and Frost Insulators and Allied Workers Local 34 ("Local 34"). (Compl. at 1 [Doc. No. 1].) The allegations arise out of a number of incidents concerning

Carlone's membership in Local 34 and employment with Heat and Frost Insulators. (Id.) On March 3, 2014, Plaintiff also filed an Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2]. Shortly thereafter, the magistrate judge ordered that all actions in this case be stayed pending the resolution of a related case, Carlone v. Asbestos Workers Local 34, 13-CV-783 (SRN/JSM) (D. Minn.) (hereafter "No. 13-783"). (Order of 3/14/14 [Doc. No. 4].)

In the Order/R & R, Magistrate Judge Mayeron lifted the stay, and recommended that Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") [Doc. No. 2] be denied and that the action be summarily dismissed. (Order/R & R at 6-7 [Doc. No. 9].) Carlone subsequently filed the instant Objections with the Eighth Circuit Court of Appeals, styling the filing as "Appeal to Court Order and Report/Recommendation." [Doc. No. 10]. The Eighth Circuit reviewed Carlone's submission and dismissed the appeal as premature. (8th Cir. Judgment [Doc. No. 17].) Following the Eighth Circuit's issuance of a mandate, this Court now has jurisdiction to entertain Plaintiff's Objections. Carlson v. Hyundai Motor Co., 222 F.3d 1044, 1045 (8th Cir. 2000) (observing that issuance of a mandate formally ends appellate jurisdiction and returns jurisdiction to the court to which the mandate is directed).

As the magistrate judge noted in the Order/R & R, the present lawsuit is not the first lawsuit that Plaintiff has initiated against Defendant Local 34 and persons or entities associated with it. (Order/R & R at 1-3 [Doc. No. 9].) Plaintiff has filed similar lawsuits on numerous occasions in both federal and state court, including No. 13-783, a case in which Plaintiff sued Defendant Local 34 alleging "intentional negligence." (Id. at 2.) Magistrate

Judge Mayeron recommended that No. 13-783 be dismissed with prejudice because the complaint failed to state a viable claim for relief. (Id.) In that case, this Court adopted the magistrate judge's recommendation and dismissed No. 13-783 with prejudice on April 24, 2014. (Id.)

In the Order/R & R to which Plaintiff objects in this case, the magistrate judge recommended the denial of Plaintiff's application for leave to proceed *in forma pauperis* because the underlying action is both frivolous and malicious. (Id. at 4, 6.) For the same reason, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the magistrate judge recommended the dismissal of Plaintiff's action. (Id. at 6-7.)

## II. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D. Minn. L. R. 72.2(b)(1). The district court reviews *de novo* those portions of a report and recommendation relating to a dispositive motion and to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b). Because Plaintiff objects only to the dispositive recommendations in the Order/R & R – the recommendations concerning his IFP status and the dismissal of his lawsuit -- the *de novo* standard of review applies.

### B. Objections

Plaintiff raises numerous objections to the Order/R & R which this Court construes as follows: (1) Plaintiff's application to proceed *in forma pauperis* was

3

wrongfully denied, (2) the Order/R & R reflects bias and prejudice, (3) Plaintiff was wrongfully denied his right to conduct discovery, (4) Plaintiff disputes the magistrate judge's finding that Plaintiff has filed many frivolous cases against the Defendant; and (5) Plaintiff reasserts many of the claims alleged in his Complaint.  In light of Plaintiff's pro se status, the Court construes his objections liberally.  See Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993) (noting that pleadings and other documents filed by pro se litigants should be treated liberally to avoid the loss of meritorious claims through inadvertence or misunderstanding).  However, even with the most liberal construction, Plaintiff's objections fail.

1.     **Application to Proceed *In Forma Pauperis***

Plaintiff argues that "…the court was prejudice [sic] by denying plaintiff his rights to appeal under the I.F.P. when plaintiff filled out an I.F.P. form and signed said form in front of a court notary public."  (Objections ¶ 3 [Doc. No. 10].)  The Court construes this as an objection to Magistrate Judge Mayeron's recommendation that Plaintiff's application for leave to proceed *in forma pauperis* be denied.  (Order/R & R at 6 [Doc. No. 9].)

There appears to be some variance in the standard of review applicable to IFP rulings, with some judges applying the standard of review applicable to nondispositive motions and some judges applying the standard of review applicable to dispositive motions.  Cf. Perry v. Boston Scientific Family, No. 13-CV-733 (JRT/TNL), 2013 WL 6328760, at *2 (D. Minn. Dec. 5, 2013) (applying a "clearly erroneous" standard of review"); with Gardner v. Decision One Mortgage Co., LLC, No. 08-CV-4788

(PAM/RLE), 2008 WL 3878095, at *2 (D. Minn. Aug. 19, 2008) (applying a *de novo* standard of review).  Even under a *de novo* standard of review, however, Plaintiff's objection to the denial of his IFP application fails.

Magistrate Judge Mayeron correctly noted in the Order/R&R that pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), an IFP application will be denied, and an action will be dismissed, if the Plaintiff has filed a complaint that is found to be "frivolous or malicious."  (Order/R & R at 4 [Doc. No. 9].)  As the Supreme Court has explained,

> [t]he federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts.  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia*, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citations omitted).

In the Order/R & R, the magistrate judge observed that a complaint is frivolous, and subject to dismissal, "where it lacks an arguable basis either in law or in fact." (Order/R & R at 4 [Doc. No. 9]) (citing Neitzke, 490 U.S. at 324).  An IFP action can properly be dismissed, *sua sponte*, if the allegations in the complaint are found to be "fanciful," "fantastic," "delusional," or if they "rise to the level of the irrational or the wholly incredible."  Denton v. Hernandez, 504 U.S. 25, 33 (1992) (citing Neitzke, 490 U.S. at 325, 328).   An action may be considered malicious "if it is filed in bad faith to harass the named defendants, or if it presents abusive or repetitive claims."  Neng Por

Yang v. City of Shakopee, No. 09-CV-3216 (PAM/JJK), 2009 WL 5217017, at *4 (D. Minn. Dec. 30, 2009) (citing Carter v. Schafer, 273 Fed. App'x 581, 582 (8th Cir. 2008)). A dismissal on these grounds is often made of the court's own accord and before process is issued, "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324.

Applying the standard for determining whether a complaint is frivolous, Plaintiff here fails to provide sufficient facts which could plausibly support a valid legal claim against Defendant. (See generally Compl. [Doc. No. 1].) In addition, as Magistrate Judge Mayeron noted (Order/R & R at 5 [Doc. No. 9]), Plaintiff has filed many similar lawsuits in addition to the instant case and No. 13-783, and his complaints have consistently been dismissed. See e.g., Carlone v. Int'l Assoc. of Heat and Frost Insulators, No. 09-CV-204 (JMR/FLN), Order of 5/28/10 [Doc. No. 86] (granting defendant's motion to dismiss); Carlone v. Gagnon, Inc., No. 09-CV-190 (PJS/FLN), Order of 4/1/09 [Doc. No. 10] (dismissing for failure to comply with a court order). Plaintiff's present Complaint is no different. Plaintiff has had multiple opportunities to present specific facts in support of a cognizable legal theory against Defendant, but continues instead to present general and conclusory accusations. As Magistrate Judge Mayeron properly found, Plaintiff has not shown any arguable basis in law or in fact for commencing this action against Defendant Local 34, and his action is therefore deemed frivolous.

As noted, a complaint is malicious "if it is filed in bad faith to harass the named defendants, or if it presents abusive or repetitive claims." Neng Por Yang, 2009 WL

5217017, at *4.  Plaintiff has asserted claims in his previous suits similar to those asserted in this case and in No. 13-783.  See e.g., Carlone v. Int'l Assoc. of Heat and Frost Insulators, No. 09-CV-204 (JMR/FLN),  Complaint [Doc. No. 1] (alleging discrimination and conspiracy by Defendant); Carlone v. Gagnon, Inc., No. 09-CV-190 (PJS/FLN), Complaint [Doc. No. 1] (alleging discrimination and conspiracy by Defendant.)

This Court entered final judgment in No. 13-783 after the present lawsuit was filed.  The dismissal in No. 13-783 precluded Plaintiff from filing any new lawsuits or complaints against Defendant or its agents in the District of Minnesota without both legal representation and prior written approval from the Chief Judge of the District of Minnesota.  (No. 13-782, Order of 4/24/14 [Doc. No. 67].)  Because the present action was filed before that mandate was entered, it is not barred on that basis.  However, the mandate demonstrates how persistently Plaintiff has brought suit against Defendant Local 34 and persons or entities associated with it.  (Id.)  As the magistrate judge found here, despite Plaintiff's lack of success, he continues to file repetitive or abusive claims against Defendant.  (Order/R & R at 5 [Doc. No. 9].)  Magistrate Judge Mayeron also properly concluded that Plaintiff's primary objective in bringing this action is to harass Defendant Local 34.  (Id.)  This Court agrees.  Accordingly, the Court finds that because the present action is malicious, dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and the denial of Plaintiff's IFP application, is appropriate.

### 2.     Judicial Bias and Prejudice

Asserting grounds of bias and prejudice, Plaintiff also objects to the magistrate judge's recommendation of dismissal.  (Objections ¶ 2 [Doc. No. 10].)  Carlone's objection alleging bias and prejudice is as follows:

> [I]t appears the court is both bias and prejudice [sic], bias to rule [sic] in favor of defendants' [sic] to dismiss charges with prejudice by allowing an attorney to handle a case the attorney knew his clients' [sic] were guilty as charged by the fact defendants' [sic] were investigated by a federal agency that had taken testimony from defendants' [sic] and found defendants' [sic] to be guilty of age discrimination [.]

(Id.)

A claim of judicial bias must be factually substantiated.  Nerison v. Solem, 715 F.2d 415, 416-417 (8th Cir. 1983) (stating that an affidavit asserting that the judge was familiar with a party and his prior legal proceedings does not automatically establish judicial bias; claims must be factually substantiated).  An unfavorable judicial ruling "does not raise an inference of bias."  Harris v. State of Missouri, 960 F.2d 738, 740 (8th Cir. 1992).  Plaintiff presents no factual basis for his allegation of judicial bias other than his disagreement with the magistrate judge's recommendations.  (Objections ¶ 2 [Doc. No. 10].)  To the contrary, Magistrate Judge Mayeron's fair analysis of Plaintiff's claims evidences her unbiased and unprejudiced review of the record.  (See generally Order/R & R [Doc. No. 9].)  Plaintiff's objections based on bias and prejudice are meritless and are overruled.

### 3.     Right to Conduct Discovery

Plaintiff objects to the Order/R & R on the grounds that the Court has denied him the right to conduct discovery. (Objections ¶ 2 [Doc. No. 10].) Specifically, Carlone asserts that:

> [D]efendants' attorney is trying every corrupt way to avoid defendants' to take [sic] a sworn deposition whereby plaintiff will prove defendants would be found guilty and may be charged with 'contempt' by perjury that may lead to criminal charges of federal law; and
>
> [B]y deposing defendants to answer 10 questions or less would bring this case to a close for settlement.

(Id. ¶¶ 4-5.)

If a plaintiff's action is properly dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), it is dismissed prior to the time when discovery would ordinarily commence. See Neitzke, 490 U.S. at 324 (noting that dismissal under this statute, early in a case, is often made "to spare prospective defendants the inconvenience and expense of answering such complaints.") As discussed with respect to the denial of Plaintiff's IPF application, the Court finds that this action is frivolous and malicious. Because the action was properly dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), it was dismissed prior to the time when parties engage in discovery. Plaintiff's objection based on the denial of an opportunity to conduct discovery is therefore without merit.

### 4.     Finding of Previous Frivolous Lawsuits

Plaintiff next argues that "…the court [sic] findings that plaintiff filed many cases against the defendants that were frivolous." (Objections ¶ 6 [Doc. No. 10].) The Court

9

construes this objection to assert either that the Court's finding demonstrates judicial bias or that the finding is incorrect.

The language to which Plaintiff's objection appears to refer is the magistrate judge's reference to case No. 13-783, in which "[t]he Court found that Plaintiff should be barred from asserting any further claims against Defendant without judicial pre-authorization, because of Plaintiff's 'obsession' with bringing baseless claims against Defendant, as well as its officers and attorneys." (Order/R & R at 2 [Doc. No. 9].) Plaintiff's objection may also refer to the magistrate judge's observation that "[Plaintiff's] present complaint only bolsters the Court's previous determination that Plaintiff simply cannot state any actionable claim for relief against Defendant." (Id. at 6.)

As stated previously, a claim of judicial bias must be factually substantiated. Nerison, 715 F.2d at 416-417. Plaintiff again provides no factual basis for an allegation of judicial bias. (Objections ¶ 6 [Doc. No. 10].) The magistrate judge's reference to the dismissal of Plaintiff's past lawsuits for their lack of arguable basis in law or fact does not demonstrate judicial bias. Rather, the magistrate judge's statements are supported by the record. The R & R that was adopted by this Court in No. 13-783 stated that Plaintiff's Amended Complaint only made vague and conclusory accusations, "did not clearly identify the specific legal basis for [Plaintiff's] claims against each defendant," and "did not provide a clear and comprehensive description of what, specifically, each named defendant actually did, or failed to do." (No. 13-783, R & R at 12-13 [Doc. No. 64].) Having found that Plaintiff's Complaint in No. 13-783 was frivolous (id.), any such references to that finding in this case are accurate and provide no basis for relief.

### 5. Restatement of Claims in Complaint

Finally, Plaintiff asserts the following objection:

> [D]efendants hired many friends and relatives by union job referrals at the same time defendants refused to refer plaintiff for employment due to his age causing plaintiff to lose employment income that caused plaintiff and his wife to lose their home, property, and had to receive welfare food support;
>
> Plaintiff'[s] . . . income was over $58.00 dollars per hour based on 40 hours per week and has lost over seven hundred and seventy five thousand dollars in wages from September 2007 until the present date;[1] and
>
> [T]his is a continuous conspiracy to violate federal laws of age discrimination.

(Objections ¶¶ 7- 9 [Doc. No. 10].)

The objections in these paragraphs appear to be mere restatements of claims alleged in Plaintiff's Complaint. The magistrate judge addressed Plaintiff's claims, finding them malicious, frivolous, and without support. (Order/R & R at 5 [Doc. No. 9].) The Court agrees and finds these objections to be without merit.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections [Doc. No. 10] are **OVERRULED**;

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2] is **DENIED**;

3. The magistrate judge's Order/Report and Recommendation [Doc. No. 9] is **ADOPTED**; and

---

[1] Although the Court construes this objection as a restatement of Plaintiff's claims, it could also be construed as an objection to the denial of Carlone's IFP application. To the extent that it supports Carlone's argument regarding the denial of his IFP application, for all of the reasons noted earlier, the denial of that application was proper.

4.      This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e )(2)(B)(i).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 23, 2014                                  s/Susan Richard Nelson
                                                          SUSAN RICHARD NELSON
                                                          United States District Judge